**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MASOUD KERMANI,

    Plaintiff,

  v.

BRIAN AMESA,

    Defendant.
    _____/

No. C 14-00890 CRB

**ORDER**

    Defendant Brian Amesa, proceeding pro se, removed this case from state court on February 27, 2014. See dkt. 1. Because this case does not involve any federal claims, the Court REMANDS it to state court.

    Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Under 28 U.S.C. § 1331, a district court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." The burden of establishing that federal jurisdiction exists is on the party seeking removal, and courts strictly construe the removal statute against removal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992) (internal citations omitted). Accordingly, "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. at 566. Further, a district court must remand

the case to state court if it appears at any time before final judgment that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Defendant asserts that the Court has federal question jurisdiction because of various defenses under federal law that Defendant seeks to assert. See dkt. 1 at 2-3. But Defendant's anticipated federal defense does not give this Court jurisdiction. See <u>Alton Box Bd. Co. v. Esprit de Corp.</u>, 682 F.2d 1267, 1274 (9th Cir. 1982) ("That anticipated federal defenses do not suffice to establish federal question jurisdiction is a principle too well-established in this circuit to merit discussion."). Federal question jurisdiction exists only when a federal question exists on the face of a well-pleaded complaint. See <u>Wayne v. DHL Worldwide Express</u>, 294 F.3d 1179, 1183 (9th Cir. 2002). The state court complaint here involves only a claim of unlawful detainer. See dkt. 1 Ex. A ("Complaint for Unlawful Detainer"). Therefore, no federal question is presented. See <u>Wells Fargo Bank v. Lapeen</u>, No. 11-01932, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011); <u>Wescom Credit Union v. Dudley</u>, No. 10-8203, 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010). Moreover, because Defendant appears to be what is known as a local defendant (residing in the State in which this action has been brought), there is also no diversity jurisdiction. See 28 U.S.C. § 1441(b)(2).

Accordingly, the Case is REMANDED to the Superior Court of the State of California, County of Marin.

**IT IS SO ORDERED.**

Dated: March 4, 2014

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

2